ACCEPTED
05-14-01369-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
5/29/2015 10:21:57 AM
LISA MATZ
CLERK

**No. 05-14-01369-CR**

*IN THE COURT OF APPEALS*
*FOR THE FIFTH DISTRICT OF TEXAS*
*AT DALLAS, TEXAS*

RECEIVED IN
5th COURT OF APPEALS
DALLAS, TEXAS
5/29/2015 10:21:57 AM
LISA MATZ
Clerk

5th Court of Appeals
FILED: 06/01/2015
12:35:47
Lisa Matz, Clerk

**JOHN BRANDON BURKS,**
**Appellant**

**vs.**

**THE STATE OF TEXAS,**
**Appellee**

*On appeal from*
*Criminal District Court Number 5*
*of Dallas County, Texas*
*In Cause No.*
*F13-21294-L*

**APPELLANT'S BRIEF**

Lynn Richardson
Chief Public Defender
Dallas County, Texas

Katherine A. Drew
Chief, Appellate Division
Dallas County Public Defender's Office

*Counsel of Record:*
Nanette Hendrickson
Assistant Public Defender
State Bar No. 24081423
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-2
Dallas, Texas 75207-4399
(214) 653-3582 *(phone)*
(214) 653-3539 *(fax)*
Nanette.Hendrickson@
dallascounty.org

*Attorneys for Appellant*

# LIST OF PARTIES

**APPELLANT**
John Brandon Burks

**DEFENSE COUNSEL AT TRIAL**
Kobby T. Warren
777 Main St., Ste. 600
Fort Worth, TX  76102

**STATE'S ATTORNEY AT TRIAL**
Herschel Woods
Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399

**APPELLANT'S ATTORNEY ON APPEAL**
Nanette Hendrickson
Dallas County Public Defender's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-2
Dallas, Texas 75207-4399

**STATE'S ATTORNEY ON APPEAL**
Susan Hawk (or her designated representative)
Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399

# TABLE OF CONTENTS

LIST OF PARTIES .................................................................................... 1

TABLE OF CONTENTS ........................................................................... 2

INDEX OF AUTHORITIES....................................................................... 3

STATEMENT OF THE CASE.................................................................... 4

ISSUES PRESENTED................................................................................ 4

STATEMENT OF FACTS ......................................................................... 4

SUMMARY OF ARGUMENT ................................................................... 6

ARGUMENT ............................................................................................. 6

Point of Error, Restated............................................................................. 6

*The trial court erred by admitting State's Exhibit 20 because it was*
*not properly authenticated*.................................................................6

PRAYER .................................................................................................. 10

CERTIFICATE OF SERVICE ................................................................. 10

CERTIFICATE OF COMPLIANCE........................................................ 11

# INDEX OF AUTHORITIES

**Cases**

*Blankenbeker v. Texas Dep't of Pub.Safety*,
990S.W.2d813(Tex. App.—Austin 1999, pet. ref'd)........................................8, 9

*Druery v. State*,
225 S.W.3d 491 (Tex. Crim. App. 2007)................................................................7

*Tienda v. State,*
358 S.W.3d 633 (Tex. Crim. App. 2012)...............................................................8

**Rules**

TEX. R. EVID. 901(a) ...................................................................................................7

TEX. R. EVID. 901(b)(1) .............................................................................................8

TEX. R. EVID. 902........................................................................................................8

TEX. R. EVID. 902(4) ........................................................................................ 8, 9, 10

**TO THE HONORABLE COURT OF APPEALS**:

**COMES NOW** Appellant, John Brandon Burks, and submits this brief on appeal from a conviction in Criminal District Court Number 5 of Dallas County, Texas, the Honorable Carter Thompson, judge presiding.

## STATEMENT OF THE CASE

Appellant was charged with failure to stop and render aid in Criminal District Court Number 5 in Dallas County, Texas. (CR: 12). Appellant pled guilty to the primary charge in the indictment. (RR1: 7). Following a punishment hearing, the trial court sentenced Appellant to 8 years' incarceration. (CR: 53; RR1: 111). Judgment was entered by the trial court on October 17, 2014. (CR: 53). A notice of appeal was timely filed. (CR: 61).

## ISSUES PRESENTED

### Point of Error

*The trial court erred by admitting State's Exhibit 20 because it was not properly authenticated.*

## STATEMENT OF FACTS

On December 28, 2010, Jaime Stanley was driving to her home in Duncanville from her sister's house. (RR1: 53). Jaime was 34 weeks and six days pregnant at that time. (RR1: 53-54). While driving down Main Street in Ducanville, she saw a vehicle's headlights ahead of her coming directly towards her car. (RR1: 54-55). She honked her horn, but the vehicle, later determined to be

4

a truck, was still coming at her. (RR1: 55). Jaime only had enough time to honk and brace herself on the steering wheel before the truck crashed into her. (RR1: 55). Jaime was able to slightly turn the wheel before the crash, but the truck did not appear to take any evasive action. (RR1: 55). Jaime never saw the driver of the pickup. (RR1: 58). The pickup was empty when the police arrived on the scene of the accident. (RR1: 58).

Jaime was taken to the hospital where it was determined both of her arms were broken. (RR1: 59). Initially, the baby's heartbeat was present, but his vitals became abnormal soon after arrival at the hospital. (RR1: 59). After an emergency C-section, the baby was taken to the NICU unit and treated for respiratory problems. (RR1: 60). The baby was then in ICU for 17 days due to complications with eating and respiration. (RR1: 60). After leaving the hospital, the baby experienced developmental delays necessitating speech, physical, and occupational therapy. (RR1: 61). However, in time, the baby regained his health. (RR1: 61). Jaime had physical therapy on her wrists and left leg. (RR1: 60).

In 2012, Appellant admitted to driving the vehicle and his insurance settled a civil claim against him. (RR1: 63). Appellant was charged with a crime years later. (RR1: 63).

## SUMMARY OF ARGUMENT

The trial court erred by admitting State's Exhibit 20 because it was improperly authenticated. The exhibit was not sponsored by a witness with personal knowledge of the contents nor was it properly certified as a self-authenticating document pursuant to the Texas Rules of Evidence. Therefore, the trial court abused its discretion.

## ARGUMENT

### Point of Error, Restated

***The trial court erred by admitting State's Exhibit 20 because it was not properly authenticated.***

### Facts

The State introduced State's Exhibit 20 through Lori Fuller, a "technical supervisor with the Southwestern Institute of Forensic Sciences..." (RR1: 35). Fuller maintained "the integrity of the Texas Breath Alcohol Program" in Area 23 which included Dallas, Collin, and Denton Counties. (RR1: 35). Fuller's also duties included training police departments on how to use the Intoxilyzer 5000. (RR1: 35). During Fuller's testimony, the State introduced an exhibit purporting to be Appellant's Intoxilyzer test-results on January 20, 2011. (RR1: 36). Fuller testified that State's Exhibit 20 was an accurate copy of the test-result from Appellant's breath test. (RR1: 36). However, on cross examination, Fuller testified that she did not actually administer the test to Appellant. (RR1: 37-38). Instead, the

6

actual operator of the machine was Officer Johnson, an officer with Dallas Police Department. (RR1: 38). Appellant objected to the admission of State's Exhibit 20 based on an improper predicate. (RR1: 38). The State's responded that the exhibit was a business record kept in the normal course of business. (RR1: 38). The trial court overruled the objection. (RR1: 39).

State's Exhibit 20 is signed only by the operator, Officer Johnson of the Dallas Police Department. (RR1: 38; State's Exhibit 20). There are no marks certifying the exhibit as being filed or kept with the Department of Transportation or any other public office. (State's Exhibit 20).

**Standard of Review**

The admission of evidence is reviewed under an abuse of discretion standard. *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007). The reviewing court will affirm the trial judge's ruling if it is within the "zone of reasonable disagreement." *Id.*

**Law**

Authentication of an item requires that the evidence show the item is what it purports to be. TEX. R. EVID. 901(a). There are several ways in which to authenticate a piece of physical evidence: "…by direct testimony from a witness with personal knowledge, by comparison with other authenticated evidence, or by

7

circumstantial evidence." *Tienda v. State,* 358 S.W.3d 633, 638 (Tex. Crim. App. 2012) (*citing* TEX. R. EVID. 901(b)(1)).

A document may also be self-authenticating if it meets the requirements of Rule 902. TEX. R. EVID. 902. In *Blankenbeker v. Texas Dep't of Pub. Safety*, the defendant challenged the admission of the test-results printout from the intoxilyzer for lack of authentification. *Blankenbeker v. Texas Dep't of Pub. Safety*, 990 S.W.2d 813, 816 (Tex. App.—Austin 1999, pet. ref'd). An official from the Department of Transportation testified the document was from their files, and the document itself was "stamped with the DPS seal and signed with an attestation that the printout [was] contained in DPS files." *Id.*

The defendant argued that since the police department created the form and administered the test, that police officer should authenticate the test-result. *Id.* However, the Court reasoned that "Rule of Evidence 902(4) provides that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to . . . [a] copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a *public office* . . . by certificate complying with paragraph (1) . . . of this rule." *Id.,citing* TEX. R. EVID. 902(4) (emphasis added). Therefore, in order to be self-authenticating, the intoxilyzer test-result must be certified as being from a public

entity, i.e., the Department of Transportation or sponsored by an officer from a public entity testifying to the same information. *Id.*

**Application of the Law to the Facts**

State's Exhibit 20 was the test-result from the Intoxilyzer 5000 used to administer Appellant a breath test after the accident. The State introduced State's Exhibit 20 through Lori Fuller who maintained the Intoxilyzer 5000 and trained police departments to use the machine. The State attempted to show the test-result was self-authenticating through Fuller's testimony that she maintained custody of at least one copy of every document created by the Intoxilyzer 5000 in her area. (RR1: 35-36). However, the record does not establish the document was filed with a public entity or office in the regular course of business as required by Rule 902(4). (RR1: 35); TEX. R. EVID. 902(4).

Fuller testified she was an employee of the Southwestern Institute of Forensic Sciences(SWIFS), a crime lab in Dallas, Texas. (RR1: 35). There is nothing in the record showing that SWIFS is a public entity, such as the Department of Transportation, or that Fuller was an officer of any public entity. Furthermore, State's Exhibit 20 has no markings on it certifying it was filed or kept in the regular course of business with any *public* entity. Rather, the only signature on the test-result belonged to Officer Johnson of the Dallas Police Department who administered the test to Appellant. (RR1: 38; State's Exhibit 20). Officer Johnson

9

testified, but the State did not offer the test-result through his testimony. Since State's Exhibit 20 was not admitted through Officer Johnson, who had personal knowledge of the test-result, nor was the document self-authenticating, the proper predicate was not met pursuant to Rule 902(4) for its admission. TEX. R. EVID. 902(4). The trial court abused its discretion meriting a new punishment hearing.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court vacate the judgment and grant Appellant a new punishment hearing. Appellant further prays for any relief to which he may be entitled.

Respectfully submitted,

/s/ *Nanette Hendrickson*

| | |
|---|---|
| Lynn Richardson | Nanette Hendrickson |
| Chief Public Defender | Assistant Public Defender |
| Dallas County, Texas | State Bar No. 24081423 |
| | Frank Crowley Courts Building |
| | 133 N. Riverfront Blvd., LB-2 |
| Katherine A. Drew | Dallas, Texas 75207-4399 |
| Chief, Appellate Division | (214) 653-3582 *(phone)* |
| Dallas County Public Defender's Office | (214) 653-3539 *(fax)* |

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing brief was served on the Dallas County Criminal District Attorney's Office (Appellate Division), 133 N. Riverfront Blvd., 10th Floor, Dallas, TX 75207 by hand delivery on May 29, 2015.

/s/ *Nanette Hendrickson*
Nanette Hendrickson

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief contains 1,834 words.

/s/ *Nanette Hendrickson*
Nanette Hendrickson
